WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., SBN 167280
Charles C. McKenna, Esq., SBN 167169
Peter M. Watson, Esq., SBN 258784
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 477-9200
cmckenna@wrightlegal.net; pwatson@wrightlegal.net

Attorneys for Defendants ROUNDPOINT MORTGAGE SERVICING
CORPORATION and COMPASS BANK

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIN MALEKI<br><br>                    Plaintiff,<br><br>        vs.<br><br>ROUNDPOINT MORTGAGE<br>SERVICING CORPORATION;<br>QUALITY LOAN SERVICE<br>CORPORATION; COMPASS BANK<br>an entity form unknown; and DOES<br>1 - 25, inclusive,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.:  2:13-cv-08996-GAF-RZ<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[*FRCP* Rule 12(b)(6)]**<br><br>Date:      March 10, 2014<br>Time:      9:30 a.m.<br>Ctrm:      740<br><br>*[Filed concurrently with Request for Judicial Notice]* |

### TO PLAINTIFF AND HIS ATTORNEYS OF RECORD, IF ANY:

**PLEASE TAKE NOTICE** that on March 10, 2014, at 9:30 a.m. in Courtroom

740 of the above court, located at 255 East Temple Street, Los Angeles, California,

Defendants ROUNDPOINT MORTGAGE SERVICING CORPORATION

1  ("RoundPoint") and COMPASS BANK (collectively "Defendants") will move this

2  Court for an Order dismissing the First Amended Complaint ("FAC") of Plaintiff

3  RAMIN MALEKI ("Plaintiff"), pursuant to the *Federal Rules of Civil Procedure*

4  ("*FRCP*"), Rule 12(b)(6), for the failure to state a claim upon which relief can be

5  granted.  This Motion will be brought on the grounds that, after reviewing the non-

6  conclusory allegations of the FAC, Plaintiff fails to plead essential facts which give

7  rise to his claims.

8        This Motion is based upon this Notice of Motion and Motion, the supporting

9  Memorandum of Points and Authorities, the Request for Judicial Notice filed

10  concurrently herewith, the complete files and records in this action, the oral argument

11  of counsel, if any, and such other and further evidence as the Court deems proper.

12        This Motion is made following the meet and confer conference of counsel

13  pursuant to L.R. 7-3.

14                           Respectfully submitted,

15                           WRIGHT, FINLAY & ZAK, LLP

16  Dated:  February 3, 2014     By:   */s/Peter M. Watson, Esq.*

17                           Charles C. McKenna, Esq.

18                           Peter M. Watson, Esq.
                         Attorneys for Defendant ROUNDPOINT

19                           MORTGAGE SERVICING
                         CORPORATION and COMPASS BANK

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    INTRODUCTION

This is one of many cases in California District Courts where Plaintiff files suit to interfere with a lawful non-judicial foreclosure proceeding, despite his undisputed default on the home loan.  Plaintiff's FAC is primarily based on the allegation that Defendants failed to modify the subject loan, after promising a good faith loan modification review.  Strangely, however, Plaintiff admits that he was in fact reviewed on more than one occasion, only to be denied due to pending bankruptcy proceedings.  Simply stated, <u>because there is no requirement for a lender or loan servicer to actually modify a loan merely because they *review* the loan for a modification,</u> Plaintiff's action is fundamentally flawed.

It should also be noted that Plaintiff's repeated allegation that Defendants denied the loan modification based on his bankruptcy filing in 2008 is misleading.  Rather, Plaintiff has abused the Bankruptcy Court to delay foreclosure for nearly <u>five years</u>.  Specifically, the subject loan and subject property have been subject to bankruptcy proceedings, i.e., part of the bankruptcy estate, on <u>six</u> different occasions (whether through Plaintiff directly, or through his accomplice who clearly was placed on title as part of a bankruptcy delay scheme). In fact, Plaintiff and/or his accomplice have managed to delay the non-judicial foreclosure sale by use of the bankruptcy courts for well over three years.  As it stands, the property is in bankruptcy, although Plaintiff is not in bankruptcy.  It is this type of conduct that destroys a borrower's chances of receiving a loan modification, <u>not wrongdoing on the part of the leander or loan servicer</u>.

Simply stated, Plaintiff's action is meritless – there is no duty or requirement to modify a loan.  Due to this fundamental deficiency, Plaintiff will not be able to cure the pleading flaws by further  amendment, and thus Defendants request that the FAC be dismissed <u>with prejudice</u>.

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## II.    STATEMENT OF FACTS

On or about January 23, 2004, Plaintiff obtained a home loan from Guaranty Residential Lending, Inc. ("Guaranty") in the amount of $555,000 ("Subject Loan"). (Complaint, ¶12 and Request for Judicial Notice filed concurrently herewith ("RJN"), Exhibit "1").[1]  The Subject Loan was secured by a Deed of Trust against the real property located at 11942 Mallot Place, Granada Hills, California (the "Property") (RJN, Exhibit "1").  Plaintiff alleges that in early 2008 he "began to experience financial hardship, [FAC, ¶10],[2] which is corroborated by a Notice of Default recorded against the Property on September 9, 2009 (RJN, Exhibit "2").

Plaintiff has been unable to cure the default since that time, and the beneficiary under the Subject Loan has noticed the foreclosure sale on three different occasions over the past four years, each time only to be delayed by a bankruptcy filing from Plaintiff and/or his accomplice.  Specifically, Plaintiff has managed to delay the foreclosure proceedings by instituting a bankruptcy scheme as follows:

- **December 23, 2009**: Quality Loan Service Corporation ("Quality") the undisputed foreclosure trustee, recorded a Notice of Trustee's Sale setting the sale for January 11, 2010; (RJN, Exhibit "3");

- **March 11, 2010**: Plaintiff executes a Quitclaim Deed transferring half of his interest in the Subject Property to Thomas Robinson (RJN Exhibit "4");

- **April 5, 2010**: Robinson files a Chapter 13 Bankruptcy Petition listing the Subject Property in his Real Property Schedule "A" (RJN, Exhibit "5");

- **November 7, 2011**:  Beneficiary Compass Bank obtains relief from the automatic stay in the Robinson Bankruptcy action (RJN, Exhibit "6");

---

[1] Plaintiff also obtained a second mortgage loan in 2005 for $250,000; however, that second loan is not subject to this action.

[2] In his original Complaint, Plaintiff alleged the circumstances of his default in greater detail, namely, that he lost his job, was taking care of his sick mother and was looking after his late father's business, all of which caused him to fall behind on his loan payments. (Complaint, ¶1).

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

- **December 8, 2011**: Quality records a second Notice of Trustee's Sale, setting the sale date for January 3, 2012; (RJN, Exhibit "7");
- **January 2, 2012**: Plaintiff files a Chapter 13 Bankruptcy Petition listing the Subject Property in his Real Property Schedule "A" *the day before the scheduled sale* (RJN, Exhibit "8");
- **May 25, 2012**: Plaintiff's bankruptcy is dismissed (RJN, Exhibit "9");
- **December 4, 2012**: Robinson files a second Chapter 13 Bankruptcy Petition, once again listing the Subject Property in his Real Property Schedule "A" (RJN, Exhibit "10");
- **July 12, 2013**: Robinson's second bankruptcy action is dismissed (RJN, Exhibit "11");
- **August 28, 2013**: Quality records a third Notice of Trustee's Sale, setting the sale date for September 25, 2013 (RJN, Exhibit "12");
- **October 9, 2013**: Robinson files a *third* Chapter 13 Bankruptcy Petition, once again listing the Subject Property in his Real Property Schedule "A" (RJN, Exhibit "13"); and
- **January 16, 2104**: Robinson's third bankruptcy action is dismissed (RJN, Exhibit "14").

As to loan ownership, the Subject Loan was originated by Guaranty Bank. (See RJN, Exhibit "1"). Guaranty Bank later failed, was taken over by the Federal Deposit Insurance Corporation ("FDIC"), and Compass Bank acquired Guaranty Bank from the FDIC on or about August 21, 2009. (RJN, Exhibit "15"). Compass Bank's ownership interest in the Subject Loan was later memorialized on record when RoundPoint recorded the Assignment of Deed of Trust on September 5, 2012. (RJN, Exhibit "16").

Now, approximately <u>five years</u> after defaulting on the Subject Loan and after invoking the above delay tactics and bankruptcy schemes, Plaintiff filed this suit, alleging he is entitled to a loan modification.  None of Plaintiff's claims have merit.

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## III.   ARGUMENT

### A.   The Standards to Be Applied To a Motion To Dismiss.

It is well-established that a complaint may be dismissed pursuant to *FRCP* Rule 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts in support of a claim which would entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).  Specifically, a complaint may be dismissed as a matter of law under *FRCP* Rule 12(b)(6) for (a) the lack of a cognizable legal theory, or (b) insufficient facts under a cognizable legal claim that is plausible on its face.  *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-534 (9th Cir. 1984); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In terms of the latter, "factual allegations must be enough to raise a right to relief above the speculative level," and "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," must be alleged.  *Twombly*, 550 U.S. at 555.  Courts should dismiss any claim "that fails to plead sufficiently all required elements of a cause of action."  *Student Loan Mktg. Ass'n v. Hanes* 181 F.R.D 629, 639 (S.D. Cal. 1998).  Finally, the court may "take judicial notice of matters of public record outside the pleadings." *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).

### B.   Plaintiff's First Claim for Intentional Misrepresentation Fails.

To state a viable cause of action for intentional misrepresentation or fraud, a plaintiff must allege facts demonstrating "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Engalla v. Permanente Medical Group, Inc.* 15 Cal.4th 951, 974 (1997); see also, *Bower v. AT & T Mobility, LLC* 196 Cal.App.4th 1545, 1557 (2011); *Perlas v. GMAC Mortg., LLC* 187 Cal.App.4th 429, 434 (2010).

With respect to pleading fraud in federal court, *Fed. Rule Civ. Proc.* Rule 9(b) expressly provides that "[i]n alleging fraud…a party must state with particularity the circumstances constituting fraud…"  In the context of charging fraud against a

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1  business entity, like Defendants, the pleading standards are even more stringent,

2  requiring a plaintiff to name the person who made the fraudulent representations, their

3  authority to speak on behalf of the business, when and to whom they spoke, and the

4  contents and form (oral or written) of their statements. *Tarmann v. State Farm*

5  *Mutual Auto Ins. Company*, 2 Cal.App.4th 153, 157 (1991); *Glen Holly Entm't v.*

6  *Tektronix, Inc.*, 100 F.Supp.2d. 1086, 1094, 1096 n. 2 (C.D. Cal. 1999).

7        Here, Plaintiff fails to allege a misrepresentation, let alone allege a misrepre-

8  sentation sufficient to satisfy the stringent pleading standards under Rule 9(b).

9  Instead, Plaintiff alleges that "[o]n or about August 23, 2011, Dawn Adams, VP

10  foreclosure for Roundpoint represented in writing that Compass Bank was the

11  beneficiary for Plaintiff's Loan.  On or about August 28, 2012, Dawn Kernicky, …

12  [of] Roundpoint represented in writing that Compass Bank was the beneficiary for

13  Plaintiff's loan." (FAC, ¶21).  This is simply not a misrepresentation.  As confirmed

14  by the fact that Compass Bank acquired Guaranty Bank from the FDIC prior to 2011,

15  these purported representations by Ms. Adams/Kernicky are true.  (RJN, Exhibits "6,"

16  "15" and "16").

17        Moreover, assuming arguendo that Compass Bank was not the beneficiary in

18  2011 or 2012, there are no allegations that Roundpoint's representation was

19  intentionally inaccurate or that Plaintiff relied upon such representation to his

20  detriment.

21        Similarly, Plaintiff's allegation that the purported misrepresentation caused

22  him to be denied a loan modification is without merit and completely unsubstantial;

23  on the contrary, it was Plaintiff's own financial situation and bankruptcy history that

24  resulted in the ultimate denial.  (FAC, ¶21).

25        Finally, while not clear in Plaintiff's FAC, it appears that Plaintiff is attempting

26  to attribute the alleged statement by Nationstar Mortgage LLC ("Nationstar") in 2008,

27  i.e., that it recommended Plaintiff file bankruptcy, to statements allegedly made by

28  Roundpoint in 2011.  Plaintiff fails to demonstrate, however, that the statements made

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1   by Nationstar in 2008 constitute misrepresentations.  Moreover, Plaintiff fails to show

2   how any statements by Nationstar are attributable to Roundpoint.

3        For these reasons, Plaintiff's First Claim for Intentional Misrepresentation fails

4   as a matter of law and should be dismissed <u>with</u> prejudice.

5   **C.    <u>Plaintiff's Second Claim for Negligent Misrepresentation Fails.</u>**

6        To state a viable cause of action for negligent misrepresentation, a plaintiff

7   must allege facts demonstrating (a) a misrepresentation (false representation,

8   concealment, or nondisclosure); (b) with no reasonable grounds for believing it to be

9   true; (c) with the intent to induce reliance; (d) justifiable reliance; and (e) resulting

10  damage." *Chapman v. Skype Inc.* 220 Cal.App.4[th] 217, 231 (2013); *See also Engalla*

11  *v. Permanente Medical Group, Inc.* 15 Cal.4th 951, 974 (1997); see also, *Bower v. AT*

12  *& T Mobility, LLC* 196 Cal.App.4th 1545, 1557 (2011).  The heightened pleading

13  standards of *FRCP*, Rule 9(b) apply with equal force to claims of negligent

14  misrepresentation, as much as they do to fraud claims.  *Miller v. Allstate Ins. Co.,* 489

15  F.Supp.2d 1133, 1139 (S.D. Cal. 2007); see also *Small v. Fritz Cos., Inc.*, 30 Cal.4[th]

16  167, 184 (2003); *Billy v. Arthur Young & Co.*, 3 Cal.4[th] 370, 407 (1992).

17       Again, Plaintiff's allegation that "the new beneficiary for his loan was Compass

18  Bank" [<u>FAC</u>, ¶30], simply does not amount to a misrepresentation, especially

19  considering that the judicially noticeable record establishes that Compass Bank was in

20  fact the beneficiary in 2011 and 2012.  Moreover, Plaintiff's allegation that

21  Roundpoint made a representation that Plaintiff's bankruptcy filing in 2008 would not

22  affect the loan modification review is misleading and completely without merit, as

23  Plaintiff fails to address the fact that there have been <u>four</u> <u>bankruptcy</u> actions filed in

24  connection with the Subject Loan and Property, not just the bankruptcy in 2008.

25       In addition, Plaintiff has not alleged resulting damage, as explained above.

26  Similarly, his argument that he relied on statements to his detriment by not attempting

27  to refinance his loan is flawed; <u>loan modification review does not prohibit</u> a borrower

28  from seeking refinancing from other possible lenders.  In fact, Plaintiff admits that the

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1  loan modification was denied in December 2012 [FAC, ¶19]; nothing has prevented

2  Plaintiff from seeking or obtaining refinancing.  Due to the foregoing, Plaintiff's

3  Second Claim for Negligent Misrepresentation should also be dismissed.

4  **D.   Plaintiff's Third Claim for Violation of *Civil Code* Section 2923.5 Fails.**

5  ### 1.   Per Se Compliance with Civil Code Section 2923.5

6  *Civil Code* §2923.5(f) states, in relevant part, as follows:

7  A borrower may designate a[n] … advisor to discuss with the mortgagee,
8  beneficiary, or authorized agent, on the borrower's behalf, the borrowers
9  financial situation and options for the borrower to avoid foreclosure. **That
   contact made at the direction of the borrower shall satisfy the contact
10  requirements of paragraph (2) of subdivision (a)**. (Emphasis added).

11  Here, Plaintiff admits that he "hired an attorney to contact defendants to

12  explore options for MALEKI to avoid foreclosure" [FAC, ¶41] before the Notice of

13  Default was recorded.  This admission, in and of itself, establishes RoundPoint's

14  compliance with *Civil Code* §2923.5(a)(2).  As such, Plaintiff's Third Claim for a

15  violation of *Civil Code* §2923.5 should be dismissed with prejudice.

16  ### 2.   Plaintiff Otherwise Admits Compliance with Civil Code §2923.5 and Otherwise Fails to Allege a Resulting Prejudice.

18  *Civil Code* §2923.5 requires the bank to "assess" and "explore" options to

19  avoid foreclosure at least thirty (30) days prior to recording the Notice of Default.

20  *Mabry v. Superior Court*, 185 Cal.App.4th 208, 213 (2010); *Civil Code* §2923.5,

21  subds. (a)(1), (a)(2).  This is a very narrow right.  It requires only that the lender make

22  simple inquiries into the reasons for a borrower's inability to make payments and

23  inform the borrower of the traditional ways that a foreclosure can be avoided.  *Id.*

24  "[A]ny 'assessment' must necessarily be simple".  *Id.* at 232.

25  Additionally, numerous courts in California, both state and federal, have held

26  that, absent prejudice to a Plaintiff resulting from a procedural violation in the non-

27  judicial foreclosure process, any error is immaterial and thus a mere technicality not

28  worthy of court intervention.  *Knapp v. Doherty*, 123 Cal.App.4th 76 (2004); *Aceves v. U.S. Bank, N.A., as Trustee, etc.*, 192 Cal.App.4th 218 (2011); *Pantoja v. Countrywide*

-7-

*Home Loans, Inc.* 640 F.Supp.2d 1177 (N.D. Cal. 2009); *Moore v. Chase Bank, et al.* 2008 WL 961161 (N.D. Cal. 2008).

Here, Plaintiff was not only assessed for an alternative to foreclosure, but he admits that he submitted loan modification documents and was later denied due to bankruptcy filings. (FAC, ¶19). Moreover, Plaintiff has not alleged any prejudice resulting from the purported Section 2923.5 violation, and given his admission that he has been reviewed for a loan modification, he will not be able to further amend the Complaint to allege prejudice.

Finally, Section 2923.55 did not even become operative until January 1, 2013, long after the Notice of Default here, and is therefore inapplicable. For these reasons, Plaintiff's Third Claim for Violation of *Civil Code* §2923.5 should be dismissed.

**E.     Plaintiff's Fourth Claim for Violation of RESPA Fails.**

Pursuant to 12 U.S.C. § 2605(f)(1)(A), where a RESPA violation exists, a servicer is only liable for "any actual damages to the borrower as a result of the failure" to comply with the statute. "Accordingly, courts have explained that a plaintiff alleging a violation of 12 U.S.C. § 2605 must allege: '(i) that the servicer failed to adhere to the rules governing a QWR; and (ii) that the plaintiff incurred 'actual damages' as a consequence of the servicer's failure.'" *Guidi v. Paul Financial, LLC* 2014 WL 60253, at *4 (N.D. Cal. 2014) (quoting, *Givant v. Vitek Real Est. Industries Group, Inc.,* 2012 WL 5838934, at *4 (E.D. Cal. 2012). In addition, "[c]ourts have consistently held that a claim based on a loan servicer's RESPA violation must allege a specific causal relationship between the alleged damages and the RESPA violation." *Id* (citing, *Schneider v. Bank of America* 2013 WL 1281902, at *7 (E.D.Cal.2013).

Here, Plaintiff alleges that he sent RoundPoint a Qualified Written Request ("QWR") on October 7, 2013, and has not received a response. Based solely thereon, Plaintiff alleges that he has "suffered damages according to proof…." (FAC, ¶52). Plaintiff offers no allegations as to how he has in fact been damaged by this alleged

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

failure to respond.  Similarly, Plaintiff fails to attach the purported QWR or otherwise allege its premise, thereby leaving Defendants guessing as to its contents, or the potential harm that could arise from Defendants' failure to respond.

Due to the foregoing, Plaintiff's Fourth Claim for a violation of RESPA fails as a matter of law, and also should be dismissed.

**F.**   **Plaintiff's Fifth Claim for Violation of *Cal. Bus. & Prof. Code* Section 17200 Fails for Numerous Reasons.**

### *1.  Plaintiff Lacks Standing to Bring an Unfair Business Practices Claim*

California's Unfair Business Practices act is codified in *Cal. Bus. & Prof. Code* §17200 ("UCL Claim").  A plaintiff does not have standing to assert a UCL Claim unless he: (1) has "suffered injury in fact" and (2) "has lost money or property as a result of" the unfair competition he challenges.  *Bus. & Prof. Code* §17204; *Californians for Disability Rights v. Mervyn's, LLC* 39 Cal.4th 223, 227 (2006).  "The phrase 'as a result' in its plain and ordinary sense means 'caused by' and requires a showing of causal connection or reliance on the alleged [unfair competition]."  *Hall v. Time, Inc.* 158 Cal.App.4th 847, 855 (2008).

Here, Plaintiff has not alleged any loss of money or property <u>resulting</u> from the foreclosure process.  Certainly, Plaintiff cannot allege that the Property has been foreclosed upon since that time, as it has not.  Moreover, considering Plaintiff admits that he was in default due to unfortunate personal circumstances, any foreclosure proceedings are the product of said default, and <u>not the product of an alleged UCL violation by Defendants</u>.

### *2.  Vicarious Liability is not Applicable to a UCL Claim*

The concept of vicarious liability has <u>no</u> application to actions brought under *Bus. and Prof. Code* §17200, et seq.  *Emery v. Visa Internat. Service Ass'n*, 95 Cal. App.4th 952, 960 (2002).  Instead, "[a] defendant's liability must be based on his personal 'participation in the unlawful practices' and 'unbridled control' over the

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1  practices that are found to violate section 17200 or 17500." *Id.* (quoting *People v.*
2  *Toomey,* 157 Cal.App.3d 1, 15 (1984)).

3      Here, to the extent the UCL Claim is premised on the previous loan servicer's
4  compliance with various statutes, i.e., conduct prior to 2011, when RoundPoint
5  became the loan servicer [Complaint, ¶16], the claim fails as against RoundPoint.

6      ### 3.  *Plaintiff Fails to Allege Facts to Support His UCL Claim*

7      To assert a valid UCL cause of action, a plaintiff is required to show either (1)
8  an unlawful, unfair, or fraudulent business act or practice, or (2) unfair, deceptive,
9  untrue, or misleading advertising, and the claim must be supported by facts described
10  with reasonable particularity. *Stewart v. Life Ins. Co. of North America* 388 F.Supp.2d
11  1138, 1143 (2005) (citing *Lippitt v. Raymond James Fin. Servs*. 340 F.3d 1033, 1043
12  (2003)); *Khoury v. Maly's of California, Inc.* 14 Cal.App.4th 612, 619 (1993).
13  "Unlawful Conduct" is defined as "any practices forbidden by law, be it civil or
14  criminal, federal, state, or municipal, statutory, regulatory, or court-made," [*Saunders*
15  *v. Superior Court,*27 Cal.App.4th 832, 838-39 (1994)], while "an 'unfair' business
16  practice occurs when it offends an established public policy or when the practice is
17  immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers."
18  (*People v. Casa Blanca Convalescent Homes, Inc.* 159 Cal.App.3d 509, 530 (1984).

19      Here, the UCL Claim, though difficult to decipher, is based on the same general
20  allegations set forth throughout the FAC.  As stated above, these allegations do not
21  support any claim for relief.  Thus, for the same reasons, Plaintiff's UCL Claim fails.

22      Additionally, Plaintiff's allegation that *Civil Code* §2923.6 requires a lender or
23  servicer to provide a loan modification is flawed.  Section 2923.6 "does not operate
24  substantively, [it] merely expresses the hope that lenders will offer modification on
25  certain terms." *Mabry, supra,* 185 Cal.App.4th at 222; see also, *Rodriquez v. JP*
26  *Morgan Chase & Co.*, 809 F.Supp.2d 1291, 1296; *Yulaeva v. Greenpoint Mortgage*
27  *Funding, Inc.*, 2009 WL 2880393, at *11 n.13 (E.D. Cal. 2009) (noting that Section
28  2923.6 does not impose a duty to modify the loan).  Simply stated, there is no

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

obligation to modify a loan, and this allegation cannot support a UCL Claim, or any other claim in this action.

**G.    Plaintiff's Sixth Claim for Promissory Estoppel is Flawed.**

The elements to a claim for Promissory Estoppel are "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) his reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." *Laks v. Coast Fed. Sav. & Loan Assn.* (1976) 60 Cal.App.3d 885, 891.  "[P]romissory Estoppel claims are aimed solely at allowing recovery in equity where a contractual claim fails for a lack of consideration, and in all other respects the claim is akin to one for breach of contract...." *US Ecology, Inc. v. State* 129 Cal.App.4th 887, 904 (2005).

Here, Plaintiff fails to allege either (i) that a clear promise was made, (ii) that the promise was not fulfilled (this is especially true given his admission that the loan modification review occurred, but was unsuccessful), or (iii) that he relied on any promise to his detriment.  As such, Plaintiff's Tenth Claim should be dismissed.

Moreover, this claim again fails to note the multiple bankruptcy actions that have affected this property; it is simply inaccurate to assert that the 2008 bankruptcy is the reason a loan modification was not achieved.

## IV.    CONCLUSION

Based on the above, Defendants RoundPoint and Compass Bank respectfully request that the Motion to Dismiss be granted in its entirety and Plaintiff's First Amended Complaint be dismissed with prejudice.

WRIGHT, FINLAY & ZAK, LLP

Dated: February 3, 2013        By:    */s/Peter M. Watson, Esq.*
Peter M. Watson, Esq.
Attorneys for Defendants ROUNDPOINT
MORTGAGE SERVICING CORPORATION
and COMPASS BANK

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1

## PROOF OF SERVICE

2

I am employed in the County of Orange, State of California. I am over the age of

3 eighteen (18) and not a party to the within action. My business address is 4665

4 MacArthur Court, Suite 280, Newport Beach, California 92660.

5

On February 3, 2013, I served the foregoing document described **NOTICE OF**

6 **MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED**

**COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF**

7 **CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES IN**

8 **SUPPORT THEREOF** on all interested parties in this action by placing a true copy

thereof enclosed in a sealed envelope addressed as follows:

9

10 Tsarina Branyan, Esq. and Kirk L. Moon, III, Esq.

Law Offices of Tsarina Branyan

11 16152 Beach Boulevard, Suite 201

12 Huntington Beach, CA 92647

T: 855-272-6926 / F: 714-845-0167

13 Kirkmoon3@gmail.com; admin@branyanlaw.com

14 *Attorneys for Plaintiff RAMIN MALEKI*

15 [ ]   (BY MAIL) I caused such envelope with postage thereon fully prepaid to be

16       placed in the United States mail at Newport Beach, California. I am readily

       familiar with the firm's business practice for collection and processing of

17       correspondence for mailing with the U.S. Postal Service pursuant to which

18       practice the correspondence is deposited with the U.S. Postal Service the same

       day in the ordinary course of business.

19

20 [X]   (BY ELECTRONIC SERVICE) Pursuant to CM/ECF System, registration as a

       CM/ECF user constitutes consent to electronic service through the Court's

21       transmission facilities. The Court's CM/ECF systems sends an e-mail notification

       of the filing to the parties and counsel of record listed above who are registered

22       with the Court's EC/ECF system.

23

24 [X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of

       this court at whose direction the service was made.

25

       Executed on February 3, 2013, at Newport Beach, California.

26

27       _Debbi Bos_____

       Debbi Bosman

28